## Langdon *et al. vs* Woolfolk *et al.*

ERROR TO THE CHRISTIAN CIRCUIT.

*Purchaser. Trusts and trustee. Parol proof.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

CHANCERY.

*Case* 47.

*October* 19.

BULLOCK's covenant to convey the legal title to Woolfolk, cannot be construed on its face as reserving, by implication or otherwise, the option to the vendor to treat the contract of sale as unobligatory on him, in the event of a non-payment by Woolfolk, of the first instalment of the consideration, on the ultimate day prescribed for paying it. Nor, in the absence of either proof or allegation of fraud or mistake in the execution of the written memorial of the executory contract of sale, can the oral testimony be admitted as sufficient to change or qualify the constructive effect of that document, even for the purpose of resisting a specific execution.

*In the absence of either allegation or proof of fraud, parol proof cannot be admitted for the purpose of resisting a specific execution of a contract to convey land.*

Had Bullock, therefore, not since sold and conveyed the same land to Langdon and Hatch, the simple fact that *Woolfolk* failed to make the first payment punctually, would not be sufficient to prevent a decree for a specific execution, especially as Woolfolk appears to have acted in good faith and reasonable vigilance, and there is no ground for presuming any other prejudice to Bullock than such as results to every vendor from an accidental delay in payment by his vendee.

Then, as there can be no doubt that Langdon and Hatch purchased with full notice of the terms and legal effect of the previous written contract between Bullock and Woolfolk, those subsequent purchasers should be considered as holding the legal title in trust for Woolfolk.

*A purchaser who buys with full knowledge of a previous purchase by another, holds the legal title in trust for the first purchaser, and will be required by the Chancellor to surrender it.*

And even if Bullock might have been entitled, by his contract with Woolfolk, to treat it as a nullity, after the day fixed for the first payment, or if, whatever may have been the character of his equitable obligations under that contract, it may be admitted, that he thought he had a right so to treat it, and therefore would probably have

LANGDON *et al.*
*vs*
WOOLFOLK *et al.*

sold and conveyed afterwards to a stranger without notice, still, being as he was, induced by false and fraudulent representations, to sell and convey to Langdon and Hatch, they should not now be permitted to urge that they should hold just as they might have been entitled to hold had they been guilty of no such misrepresentations. Because, were there no other reason, it is sufficient to remark, that we cannot know, and are not disposed to presume, that Bullock would have sold the land to them when he did, had not Langdon made to him injurious misrepresentations as to the conduct, character and condition of Woolfolk.

We are perfectly satisfied that there is no proof of champerty in Woolfolk's contract with Bullock.

And we are therefore of the opinion, that Langdon and Hatch have no just cause to complain of the decree requiring them to release to Woolfolk the legal title thus improperly acquired by them from Bullock, with notice of Woolfolk's equity.

But, as Woolfolk's tender to Bullock was not made until the day of payment had passed, and Bullock had conveyed to Langdon and Hatch, and as moreover there is no reason to apprehend that Woolfolk has not since used the money, and he appears to have enjoyed the possession of the land, it seems to us that the decree is erroneous, in not allowing interest from the time when the money became due, until actual payment thereof. As to this last, and comparatively unimportant matter, therefore, the decree is reversed, though affirmed in all other respects, and the cause remanded for a decree for the interest, according to this opinion.

But as there is a partial affirmance as well as reversal, each party must pay his own costs in this Court.

*Loughborough* for plaintiffs; *Owsley & Pirtle* for defendants.